STATE of Wyoming and the Wyoming Department of Revenue, Appellants (Petitioners),

v.

The WYOMING STATE BOARD OF EQUALIZATION; and Molin Concrete Products Company, a Minnesota corporation, Appellees (Respondents).

No. 94–16.

Supreme Court of Wyoming.

March 3, 1995.

Joseph B. Meyer, Atty. Gen., Vicci M. Colgan, Sr. Asst. Atty. Gen., and Clinton D. Beaver, Sr. Asst. Atty. Gen., Cheyenne, representing appellants.

Thomas D. Roberts, Sp. Asst. Atty. Gen., Cheyenne, representing appellee Wyoming State Bd. of Equalization.

Don Mingo, Vice President, Molin Concrete Products Co., Lino Lakes, MN, representing appellee Molin Concrete Products Co.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

The Wyoming Department of Revenue (Department) appeals the Wyoming State Board of Equalization's (Board) decision to vacate a use tax assessment against Molin Concrete Products Company (Molin). We hold our decision in *Memorial Hospital of Laramie County v. Department of Revenue and Taxation*, 805 P.2d 276 (Wyo.1991) requires reversal of the Board's decision to vacate the Department's use tax assessment.

Appellant Department states the issue as:
Under W.S. 39–6–601 *et seq.*, is a contractor liable for use tax on the cost of construction materials that the contractor both sold to a school district for use in the construction of a building and installed in the building under a contract with the general contractor for the school district?

Appellee Board states the issue as:
Under W.S. 39–6–601 et seq., is a subcontractor liable for use tax on materials supplied by the subcontractor to an exempt entity, which are subsequently installed by the same subcontractor pursuant to a separate agreement with one of the prime contractors who is not an agent of the exempt entity?

## FACTS

Molin secured a materials-only contract with the Weston County School District to supply precast plank. Later, Molin subcontracted with a prime contractor hired by the school's architect to install the plank. On August 14, 1992, the Department assessed a use tax of $1,349.72 against Molin, which Molin paid under protest while it appealed the assessment to the Board.

In *Sublette County School District No. 1 v. State Board of Equalization*, 770 P.2d 218 (Wyo.1989), this Court held that contractors who both provide and install materials under construction contracts with political subdivisions of the State of Wyoming were liable for taxes under Wyo.Stat. §§ 39–6–601 and 39–6–602 (May 1985 Repl.). *Sublette County School Dist. No. 1*, 770 P.2d at 223. In *Memorial Hospital of Laramie County*, 805 P.2d at 277, this Court held that a contractor who sold materials to a tax-exempt institution and later installed those materials under a separate contract with the institution's agent was liable for the taxes imposed by the same statutes.

The Board determined that the *Memorial Hospital of Laramie County* decision applied, but only imposed use tax liability whenever a contractor supplied and installed material under separate contracts either with the exempt institution or with the institution's agent. The Board reasoned that because Molin had contracted with a prime contractor and not with the exempt institution or its agent, Molin was not liable for the use tax.

The Department appealed and the district court certified the appeal to this court through Wyo.R.App.Proc. 12.09.

## STANDARD OF REVIEW

Whether use tax is properly imposed upon Molin is a question of law. *See Memorial Hosp. of Laramie County*, 805 P.2d at 280 and *Sublette County School Dist. No. 1*, 770 P.2d at 220. The reviewing court shall decide all relevant questions of law, affirming an agency's conclusion if in accordance with the law and setting aside that conclusion if not in accordance with the law. Wyo.Stat. § 16–3–114(c)(ii)(A)(1990).

## DISCUSSION

This case presents the issue of whether there is any possibility that a contractor may avoid tax liability under Wyoming's sale and use tax statutes when the contractor both provides and installs materials to a tax-exempt institution. The issue in this case is answered by our discussion in *Memorial Hospital of Laramie County* where first we observed:

> There is nothing in either the statutes or the cases interpreting those statutes that provides for a distinction in an instance in which the installation contract is not entered into directly or exclusively with the purchaser of the materials.

and then concluded:

> This case and *Sublette* both involve a situation in which a contractor sold materials to a tax-exempt institution and later installed the same materials. **These are the factors that are decisive.**

*Memorial Hosp. of Laramie County*, 805 P.2d at 280 (emphasis added). The Board's limitation of *Memorial Hospital of Laramie County* to installation contracts with an agent is not supported by the statutes or the holding in that case. If a contractor as defined by Wyo.Stat. § 39–6–601(a)(ii) [1] or a subcontractor as defined by Wyo.Stat. § 39–6–603 [2] sells to a tax-exempt institution and

---

1. Wyo.Stat. § 39–6–601(a)(ii)(1990) states:
   (ii) "General or prime contractor" means:
   A) Any person who agrees with the owner or lessee of real property in this state to perform services or furnish materials and services for the construction, alteration, improvement or repair of real property in this state; or
   B) Any person who acts in behalf of the owner or lessee of real property in this state to arrange for the furnishing of services or the furnishing of materials and services for the construction, alteration, improvement or repair of real property in this state[.]

2. Any subcontractor who contracts with a general or prime contractor is liable for sales and use taxes as a general or prime contractor. Wyo.Stat. § 39–6–603 (1992).

later installs those materials, then WYO.STAT. § 39–6–602 [3] imposes tax liability.

Reversed.

---

**3.** WYO.STAT § 39–6–602(a) (1992) provides:
Any contractor who furnishes tangible personal property under contract or in the development of real property is the consumer or user of the tangible personal property within the meaning of the sales and use tax laws of Wyoming.